BWB:NDB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    -against-

XAVIER ONEAL and
ANDREW TAYLOR,

        Defendants.

------------------------------X

15M 1190

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

(T. 18, U.S.C., §§ 1951(a), 2 and 3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

    ERIC MURRAY, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    On or about and between April 15, 2015 and June 3, 2015, both dates being approximate and inclusive, within the Eastern District of New York, the defendants XAVIER ONEAL and ANDREW TAYLOR, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of commercial merchandise from stores located in Brooklyn and Queens, New York.

    (Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

    On or about April 15, 2015, within the Eastern District of New York, the defendant XAVIER ONEAL, together with others, did knowingly and intentionally obstruct,

1

delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of commercial merchandise from a jewelry store located at 5376 Avenue U, Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

On or about May 12, 2015, within the Eastern District of New York, the defendant XAVIER ONEAL, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of commercial merchandise from a jewelry store located at 5376 Avenue U, Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

On or about June 3, 2015, within the Eastern District of New York, the defendants XAVIER ONEAL and ANDREW TAYLOR, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of commercial merchandise from a cellular telephone store located at 191-30 Northern Boulevard, Queens, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the ATF and have been involved in the investigation of numerous cases involving firearms offenses. I am responsible for

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

conducting and assisting in investigations into the activities of individuals and criminal groups responsible for violent crimes, including armed robberies. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants.

2. I am familiar with the facts and circumstances set forth below from my review of records of the New York City Police Department ("NYPD") and conversations with NYPD officers. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another agent or law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

3. I and other law enforcement agents have been investigating the armed robberies of several stores selling jewelry, cellular telephones and other electronics in and around Brooklyn and Queens, New York. To my knowledge, the stolen commercial merchandise, including the diamond engagement rings and cellular telephones, were not manufactured in the State of New York.

### THE APRIL KINGS PLAZA JEWELRY ROBBERY

4. As detailed below, on or about April 15, 2015, the defendant XAVIER ONEAL, together with others, robbed a Kay Jeweler's store located at 5376 Avenue U, Brooklyn, New York at the Kings Plaza Mall (the "Kings Plaza Jewelry Store").

5. Based on a review of surveillance video footage from the Kings Plaza Jewelry Store and others in the mall, and according to employees of the Kings Plaza Jewelry Store who were present during the robbery, at approximately 10:30 a.m., ONEAL entered the store, pretended to be a customer, and asked a sales clerk to see engagement rings. The sales

3

clerk showed ONEAL an engagement ring, which ONEAL held in his hand. He then grabbed another engagement ring from the sales clerk's hand, and ran from the store with the two engagement rings.

6. Store employees described ONEAL, who was not masked or otherwise visibly concealing his identity, as black and of medium height, wearing a black, Nike hooded sweatshirt. That description is consistent with the video surveillance video, in which ONEAL'S face is visible.

7. On or about November 4, 2015, a lineup was conducted at the 63rd NYPD Precinct in the presence of an Assistant District Attorney from the Kings County District Attorney's Office and defense counsel. After viewing the lineup, an employee of the Kings Plaza Jewelry Store positively identified the defendant XAVIER ONEAL as the perpetrator who robbed the Kings Plaza Jewelry Store on April 15, 2015.

## THE MAY KINGS PLAZA JEWELRY ROBBERY

8. As detailed below, on or about May 12, 2015, the defendant XAVIER ONEAL, together with others, robbed the same Kay Jeweler's store located at 5376 Avenue U, Brooklyn, New York at the Kings Plaza Mall.

9. Based on a review of surveillance camera images, and according to employees of the Kings Plaza Jewelry Store who were present during the robbery, at approximately 10:30 a.m., ONEAL entered the store, pretended to be a customer, and asked a sales clerk to see an engagement ring. After the sales clerk handed ONEAL an engagement ring, he then ran from the store with the ring.

10. Store employees described ONEAL, who was not masked or otherwise visibly concealing his identity, as light-skinned, possibly Hispanic, around 5'8" to 5'10" in

4

height, of medium build, facial hair, wearing sunglasses, a dark color NY baseball hat, black and white long-sleeve shirt and black pants. That description is consistent with the surveillance camera images.

11. Fingerprints were taken from the glass counter at the Kings Plaza Jewelry Store where ONEAL placed his hand when he asked the sales clerk to see the engagement ring. The prints are a match for XAVIER ONEAL.

12. Following ONEAL'S arrest on June 3, 2015 for the robbery of the cellular telephone store described below, the Honorable Ernest F. Hart of the Criminal Court of the City of New York, County of Queens issued a search warrant for the phone ONEAL had at the time of his arrest. A review of ONEAL'S phone reveals that he performed a Google search for information relevant to the robberies of the Kings Plaza Jewelry Store. On May 22, 2015, the phone has a search for "kay jeweler kings plaza mall robbed," and it viewed an article called "Man Swipes Two Engagement Rings At Kings Plaza's Kay Jewelers." ONEAL'S phone also has a picture of himself wearing what appears to be same dark color NY baseball hat on, in which ONEAL holds what appears to be a stack of $100 bills.

## THE CELLULAR TELEPHONE STORE ROBBERY

13. As detailed below, on or about June 3, 2015, the defendants XAVIER ONEAL and ANDREW TAYLOR, together with others, robbed a Verizon store located at 191-30 Northern Boulevard, Queens, New York (the "Verizon Store") while brandishing what appeared to be a firearm.

14. According to an employee and customer of the Verizon Store who were present during the robbery, at approximately 2:30 p.m., ONEAL and another man entered the

store. ONEAL motioned towards his waistband and ordered everyone to lie on the floor. The customer, an off-duty police officer, drew his firearm and identified himself as a police officer. ONEAL and the other man fled the store. The off-duty police officer pursued ONEAL to a white van, which ONEAL entered. The off-duty officer saw TAYLOR in the vehicle. Responding officers observed a white van in the vicinity and tried to pull it over. A chase ensued and the vehicle crashed into a personal residence. ONEAL was then arrested.

15. TAYLOR was seen fleeing the scene of the accident on foot. The resident of the house that was hit by the vehicle (the "Resident") observed TAYLOR wearing a sweatshirt and hat. Police recovered a sweatshirt and hat from the Resident's lawn, which the Resident positively identified as the clothing he had seen TAYLOR wearing. An officer observed a man fitting TAYLOR'S description, minus the sweatshirt and hat, a few blocks from the site of the accident. The Resident positively identified TAYLOR as the man he had previously seen in the vehicle. TAYLOR was then arrested. The vehicle is registered to TAYLOR. Results from a DNA sample taken from the mask left at the Verizon Store are consistent with DNA from ONEAL.

WHEREFORE, your deponent respectfully requests that an arrest warrant for the defendants XAVIER ONEAL and ANDREW TAYLOR be issued so that they may be dealt with according to law. I further request that the Court order that this application, including the affidavit and arrest warrants, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution.

_____
ERIC MURRAY
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Sworn to before me this
11th day of December, 2015

_____  S/ Scanlon
THE HONO                          ON
UNITED ST                         GE
EASTERN I

7