

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SSS:NDB | *271 Cadman Plaza East* |
| F. #2015R01322 | *Brooklyn, New York 11201* |

July 7, 2017

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Xavier Oneal
                Criminal Docket No. 16-21 (S-1) (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in advance of sentencing in the above-referenced case, which is currently scheduled for July 27, 2017, at 3:00 p.m.  For the reasons below, the government requests that the Court impose a sentence within the United States Sentencing Guidelines ("Guidelines") range or 92 to 115 months' imprisonment.

I.      Facts

      Between April 15, 2015, and December 8, 2015, the defendant Xavier Oneal, also known as "Nico," participated in a robbery conspiracy that targeted cellular telephone stores in Brooklyn and Queens, New York.  Presentence Investigation Report ("PSR") ¶¶ 3, 24.  The investigation of this conspiracy resulted in the convictions of Oneal and four others in this district.[1]  PSR ¶ 4.  During this conspiracy, Oneal participated in four robberies.  Id.  As part of the conspiracy, he also stole diamond rings from a jewelry store on two occasions.  Id.  During the robberies, Oneal threatened the stores' occupants by intimating that he had a

---

      [1]      One of the co-conspirators who participated in four of the robberies was charged in a separate indictment with Hobbs Act robbery conspiracy and four counts of robbery of cellular telephone stores in Brooklyn, New York.  See United States v. John Symby, 15-CR-575 (S-1) (ENV).  The substantive robberies charged in that case were not charged in the case pending before this Court.  On January 15, 2016, Symby pleaded guilty to one count of Hobbs Act robbery.  He awaits sentencing.

firearm, directed employees and customers to a back room, and, on one occasion, pushed a store employee into the store's inventory room.  PSR ¶¶ 11, 17, 19, 21.

The total value of merchandise stolen by Oneal and his co-conspirators over the course of these four robberies exceeds $120,030.  PSR ¶ 23.  Additionally, the jewelry that Oneal stole is worth $19,997.  PSR ¶¶ 6-7, 12-13.  In the course of his final robbery, on June 3, 2015, shortly after entering the store, an off-duty police officer confronted Oneal and a co-conspirator in the Verizon store that they were attempting to rob.  PSR ¶ 21.  The officer drew his weapon and chased Oneal and the other man as they fled.  Oneal ran to their getaway vehicle, which was manned by another co-conspirator.  Other officers called to the scene chased the getaway vehicle, which then crashed into a residence, where Oneal was arrested.  Id.

On September 9, 2016, pursuant to a plea agreement, Oneal pleaded guilty to Count One of a seven-count Superseding Indictment, which charged Oneal with Hobbs Act robbery conspiracy in violation of Title 18, United States Code, Section 1951(a) between April 15, 2015, and December 8, 2015.[2]

## II.    Guidelines Calculation

The Addendum to the Presentence Report ("A. PSR") calculates that the defendant has a total offense level of 27 and a Criminal History Category of VI, corresponding to an advisory Guidelines sentencing range of 130 to 162 months.  A. PSR ¶¶ 36-67, 120.  Due to a mistake by the government, the plea agreement estimated a Guidelines sentencing range of 57 to 71 months based on an offense level of 23 and a Criminal History Category of III.  Specifically, the government did not add three levels for the use of a dangerous weapon (§ 2B3.1(b)(2)(E)), two levels for the physical restraint of victims (§ 2B3.1(b)(4)(B)) and two levels for obstruction of justice (§ 3C1.2).  The plea agreement also underestimated the defendant's criminal history by estimating a Criminal History Category of III, which estimate was based on the initial criminal history report generated for the defendant.  As set forth in the plea agreement, the incorrect estimate is not binding on the government or the Court, and the government agrees that the Guidelines calculation set forth in the PSR is correct.  Nevertheless, and as discussed below, the government stands by the offense level calculation estimated in its plea agreement.

## III.    Discussion

The government respectfully requests that the Court impose a sentence within the advisory Guidelines range of 92 to 115 months, which corresponds to the offense level set forth in the plea agreement except for the criminal history category, which should have

---

[2]    The government agrees with the Probation Department that the two occasions on which the Kay Jewelers located at 5376 Utica Avenue, Brooklyn, New York, was targeted are not properly classified as robberies under the statute but constitute related conduct. PSR ¶ 23.

been Level VI.  Such a sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing as set forth in Title 18, United States Code, Section 3553(a), and would appropriately reflect the seriousness of the defendant's crimes, promote respect for the law, protect the public from the defendant, and deter the defendant and others from committing similar crimes in the future.

The offense of conviction here is serious and threatens public safety.  The defendant participated in four robberies of cellular telephone stores during which he pretended to have a firearm.  PSR ¶¶ 11, 17, 19, 21.  During the robberies, employees and customers were threatened with this use of force and made to lie on the floor or closed in a back room while tens of thousands of dollars' worth of merchandise was stolen.  Id.  Upon leaving the stores, Oneal escaped to a waiting vehicle, which, on June 3, 2015, resulted in a high-speed chase and a car crash.  PSR ¶¶ 21-22.  Fortunately, and despite the recklessness exhibited by Oneal and others, no one was seriously injured in connection with this conduct. Nevertheless, approximately a dozen people were victimized, in addition to the businesses that sustained economic losses.  PSR ¶¶ 11, 17, 19 and 21.  Additionally, the defendant's intimation that he possessed a firearm increased the risk that a civilian or police officer responding to the robberies or chasing the getaway vehicle would discharge a firearm.  In light of this conduct, a significant sentence is necessary to achieve the purposes of 18 U.S.C. § 3553(a).

Moreover, with respect to the defendant's history and characteristics, this defendant's lengthy criminal history shows that Oneal has not been dissuaded by the shorter terms of imprisonment that he served in the past.  Indeed, it is remarkable that at the age of 22, the defendant has a Criminal History Category of VI.

For these reasons, the government respectfully requests that the Court sentence the defendant to a sentence between 92 and 115 months' imprisonment.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/ Nomi Berenson
Nomi D. Berenson
Assistant U.S. Attorney
718-254-6308

cc:    Clerk of the Court (LDH) (by ECF)
       Jean Barrett, Esq. (by ECF)
       Cheryl M. Fiorillo, United States Probation Officer (by email)