

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NDB
F. #2015R01322

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 2, 2018

<u>By ECF</u>

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Xavier Oneal</u>
     <u>Criminal Docket No. 16-21 (S-1)(LDH)</u>

Dear Judge DeArcy Hall:

  The Court delegated setting restitution payment schedules to the Probation Department when it ordered the defendant Xavier Oneal (ECF No. 113) to pay restitution. The government respectfully requests that the Court modify the judgment by including restitution payment schedules for the defendant.

  In addition to determining the amount of restitution owed to each victim, the Court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The Second Circuit has held that the sentencing court's authority to set a payment schedule in a restitution order is a "judicial function," which cannot be delegated to the Probation Department. <u>United States v. Porter</u>, 41 F.3d 68, 71 (2d Cir. 1994); <u>see</u> also, e.g. <u>United States v. Khafizov</u>, 604 F. App'x 88, 90 (2d Cir. 2015); <u>United States v. Green</u>, 81 F. App'x 364, 367 (2d Cir. 2003); <u>United States v. Kowalewski</u>, 8 F. App'x 19, 20-21 (2d Cir. 2001). The Probation Department agrees that the Court cannot delegate the authority to set a payment schedule to the Probation Department. Undersigned counsel apologizes to the Court for being unaware until now of the need for the Court to set the restitution schedule.

  There is legal authority for modifying the payment schedule after sentencing, so long as there is no change in the amount of restitution ordered. See <u>United States v. Kyles</u>, 601 F.3d 78, 83 (2d Cir. 2010) (pre-MVRA case); <u>see</u> also <u>United States v. Lochard</u>,

555 F. App'x 94, 96 (2d Cir. 2014) ("A modification of the terms of payment of restitution is not a modification in sentence.").

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/ Nomi Berenson
      Nomi D. Berenson
      Assistant U.S. Attorney
      718-254-6308

cc:   Clerk of the Court (LDH) (by ECF)
      Jean Barrett, Esq. (by ECF)
      Mark Gjelaj, Assistant Deputy Chief U.S. Probation Officer (by email)